IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRETT MICHAEL BLASIRUE, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION No. 1:16CV288 |
| | § | |
| v. | § | |
| | § | JUDGE THAD HEARTFIELD |
| DALLAS JONES, | § | MAGISTRATE KEITH F. GIBLIN |
| | § | |
| Respondent. | § | |

## RESPONDENT'S MOTION TO DISMISS

Respondent, Dallas Jones, by and through Brit Featherston, Acting United States Attorney for the Eastern District of Texas, and Michael W. Lockhart, Assistant United States Attorney for the Eastern District of Texas, responds to the Petition for Writ of Habeas Corpus and respectfully requests that Petitioner's application for Writ of Habeas Corpus be denied. Petitioner's petition is moot as his requested relief has already been granted: incident report 2657863, the disciplinary action at issue in this Petition, has been expunged from Petitioner's record, and 41 days of Good Conduct Time has been restored to him.

## MEMORANDUM OF LAW

The instant Petition was filed on July 18, 2016. [Doc. 1]. *Pro se* Petitioner, Brett Blasirue, register number 68872-097, is currently incarcerated at the Federal Correctional Complex, Medium Security Institution in Beaumont, Texas. (FCI Beaumont-Medium). [Doc. 1 p. 1]. As a result of a disciplinary hearing that took place on December 11, 2014,

Petitioner was disallowed 41 days of good conduct time (GCT). In his Petition, Petitioner challenges the sufficiency of the evidence on which the Disciplinary Hearing Officer (DHO) based her findings and asks the Court to order that he have 41 days of good conduct time (GCT) reinstated.

## I. BACKGROUND

On December 4, 2014, Petitioner was issued incident report 2657863 alleging that he was in possession of Drugs/Alcohol in violation of code 113. (Exhibit A, ¶ 4). A DHO hearing regarding incident report 2657863 was conducted by DHO Lacy on December 11, 2014. (*Id*.) At the hearing, the DHO reviewed the incident report which stated that on December 4, 2014, Petitioner was found to have on his person a small leather pouch containing an unidentified green, leafy substance. (*Id*.) A staff member took the substance to the Lieutenant's office where it was tested using a Nik Test Kit A. (*Id*.) The test indicated a positive result for amphetamines. (*Id*.) Based on that evidence, the DHO found that Petitioner had committed a prohibited act, Possession of Drugs/Alcohol, in violation of BOP disciplinary code 113. (*Id*. at ¶ 5) Inmate Blasirue received the following sanctions: disallowance of 41 days of good conduct time (GCT); 30 days of disciplinary segregation, 180 days loss of commissary privileges, and 180 days loss of visitation privileges. (*Id*.)

Unbeknownst to the DHO, the substance found on Petitioner was submitted by another staff member to the Jefferson County Regional Crime Laboratory for further testing on January 20, 2015, after the DHO hearing had been conducted and the DHO

report issued.  (*Id*. at ¶ 6)  On January 29, 2015, the Jefferson County Regional Crime Laboratory issued a lab report indicating that the tested substance did not contain any identifiable controlled substance or dangerous drug.  (*Id*.)  The DHO was not informed that further testing of the substance had occurred or of the test results, and as the DHO hearing had already been held, there was no further review of the incident at that time.

Petitioner filed the instant Petition to challenge the findings of the DHO on July 18, 2016.  [Doc. 1]  On November 29, 2016, the Court issued an Order to Show Cause for the Respondent to respond to Petitioner's Habeas Petition.  [Doc. 9] In preparing its response, Respondent located and provided a copy of the Jefferson County Regional Crime Laboratory report relating to this case to DHO Lacy on December 1, 2016.  Because the report contradicted the finding at the DHO hearing, DHO Lacy expunged incident report 2657863 from inmate Blasirue's disciplinary record on December 2, 2016.  (*Id*. at ¶ 7)  As a result of the expungement, inmate Blasirue has had the 41 days of GCT restored as of December 2, 2016.  (*Id*.)

## II.     MOTION TO DISMISS

Respondent's Motion to Dismiss should be granted because Petitioner's only requested relief of having his GCT restored has already been appropriately addressed by the Bureau of Prisons and is, therefore, moot.

"Mootness is a jurisdictional matter implicating the requirement in Article III of the Constitution that there be a live case or controversy."  *Perez v. Director, TDCJ-CID*,

Case No. 1:10-CV-20, 2012 WL 5594613, at *1 (E.D. Tex. Oct. 9, 2012) (unpublished)[1] (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (per curiam)). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citations and internal quotation marks omitted). "In the context of a federal petition for habeas relief, dismissal is appropriate on the ground of mootness when relief sought by a petitioner is no longer available." *Perez*, 2012 WL 5594613, at *1 (citing *Bagwell v. Dretcke*, 376 F.3d 408, 412 (5th Cir. 2004)). A mootness argument is properly raised in a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1). *Hutcherson v. JPMorgan Chase Bank, N.A.*, Case No. 11-CV-154-KS-MTP, 2012 WL 37393, at *1 (S.D. Miss. Jan. 6, 2012) (unpublished)[2].

    Since the filing of this law suit, the Bureau of Prisons has addressed Petitioner's concerns relating to his loss of GCT as a result of the DHO hearing at issue in this case. Specifically, incident report 2657863 has been expunged from Petitioner's disciplinary record, and Petitioner's 41 days of GCT that was disallowed was restored to him on December 2, 2016. (Exhibit A, ¶ 7).

---

[1] In accordance with Federal Rule of Appellate Procedure 32.1(b), a copy of this opinion is attached as Exhibit B to this motion.

[2] In accordance with Federal Rule of Appellate Procedure 32.1(b), a copy of this opinion is attached as Exhibit C to this motion.

### III. CONCLUSION

Respondent's Motion to Dismiss should be granted because Petitioner's claim is moot as the requested relief has already been provided.

**WHEREFORE**, Respondent respectfully requests that the Petition for Writ of Habeas Corpus be denied in all respects.

<div style="margin-left:50%">

Respectfully submitted,

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

*/s/ Michael W. Lockhart*
MICHAEL W. LOCKHART
Assistant United States Attorney
Texas Bar No. 12472200
350 Magnolia Avenue, Suite 150
Beaumont, Texas 77701-2237
Tel: (409) 839-2538
Fax: (409) 839-2643
Email: USATXE.CivECFBmt@usdoj.gov

</div>

### CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2016, a true and correct copy of the foregoing document was filed electronically with the court and has been served on the *pro se* petitioner as follows:

Brett Michael Blasirue
Fed. Reg. #68872–097
FCI Beaumont – Medium
P.O. Box 26040
Beaumont, TX  77720-6040

<div style="margin-left:50%">

*/s/ Michael W. Lockhart*
MICHAEL W. LOCKHART
Assistant United States Attorney

</div>