# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **BRETT MICHAEL BLASIRUE** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16-CV-288 |
| | § | |
| | § | |
| **DALLAS JONES,** | § | |
| Respondent. | § | |

## DECLARATION OF SHELLEY LACY

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned, Shelley Lacy hereby make the following unsworn declaration, under penalty of perjury, pertinent to the above-styled and numbered cause:

1. I am currently employed by the United States Government as a Discipline Hearing Officer (DHO) for the Federal Bureau of Prisons (BOP). I have been employed with the BOP since February, 1995. I am currently assigned to the Federal Correctional Complex in Beaumont, Texas. I became an alternate DHO in April 2008, and have been a full-time DHO since April 2013. I was duly trained and certified as a DHO by the Bureau of Prisons in accordance with Program Statement 5270.09, Inmate Discipline and Special Housing Units, which outlines the BOP inmate discipline program.

2. I was asked to review the proceedings I conducted on December 11, 2014 regarding inmate Brett Blasirue, reg. no. 68872-097. As part of my official duties, I have access to BOP files maintained in the ordinary course of business related to inmates incarcerated within the BOP. While reviewing the matter, I identified the following documents kept in the ordinary course of business as relevant to the issue, and have attached true and correct copies of them to this declaration:

> 1. Discipline Hearing Officer Report regarding Incident Report No. 2657863 for inmate Brett Blasirue, reg. no. 68872-097 dated January 20, 2015.
>
> 2. Jefferson County Regional Crime Laboratory Controlled Substances Report, regarding inmate Brett Blasirue, reg. no. 68872-097 dated January 29, 2015.
>
> 3. Inmate Discipline Add Hearing/Findings regarding inmate Brett Blasirue, reg. no. 68872-097dated December 2, 2016.
>
> 4. Sentence Monitoring Computation Data regarding inmate Brett Blasirue, reg.

no. 68872-097 dated December 1, 2016.

5. Sentence Monitoring Computation Data regarding inmate Brett Blasirue, reg.
no. 68872-097 dated December 2, 2016.

3. I have reviewed and am familiar with the DHO Report at issue in the above captioned
civil action involving inmate Brett Blasirue, reg. no. 68872-097, and can state the following:
Inmate Blasirue received incident report 2657863 on December 4, 2014 alleging offense code
113, Possession of Drugs/Alcohol. (Attachment 1, p. 1) The applicable regulation and policy in
effect at the time this matter was heard was 28 C.F.R. Part 541 and Program Statement 5270.09,
Inmate Discipline and Special Housing Units.

4. I conducted a DHO hearing regarding incident report 2657863 on December 11,
2014. (Attachment 1, p. 1) At the hearing, I reviewed the incident report which stated that on
December 4, 2014 inmate Blasirue was found to have on his person a small leather pouch
containing an unidentified green, leafy substance. (*Id.* at p. 3) The staff member took the
substance to the Lieutenant's office where it was tested using a Nik Test Kit A. (*Id.*) The results
indicated a positive result for amphetamines. (*Id.*)

5. After conducting the hearing on December 11, 2014, I found that inmate Blasirue had
committed a prohibited act, Possession of Drugs/Alcohol, in violation of BOP disciplinary code
113. (*Id.*) Inmate Blasirue received the following sanctions: disallowance of 41 days of good
conduct time (GCT); 30 days of disciplinary segregation, 180 days loss of commissary
privileges, and 180 days loss of visitation privileges. (*Id.*)

6. Unbeknownst to this officer, the substance was submitted by another staff member to
the Jefferson County Regional Crime Laboratory for further testing on January 20, 2015.
(Attachment 2) On January 29, 2015, the Jefferson County Regional Crime Laboratory issued a
lab report indicating that the tested substance did not contain any identifiable controlled
substance or dangerous drug. (*Id.*) I was not informed that further testing had occurred or of the
test results, and as the DHO hearing had already been held, there was no further review of this
incident at that time.

7. On December 1, 2016, I was informed that inmate Blasirue had filed a Habeas action.
I was provided a copy of the Jefferson County Regional Crime Laboratory report relating to this
case on that date. Because the report contradicted the finding at the DHO hearing, I expunged
incident report 2657863 from inmate Blasirue's disciplinary record on December 2, 2016.
(Attachment 3) As a result of the expungement, inmate Blasirue has had the 41 days of GCT
restored as of December 2, 2016. (*See* Attachments 4 & 5) Prior to the expungment of the
incident report on December 2, 2016, inmate Blasirue's projected release date was calculated to
be June 25, 2019. (Attachment 4, p. 2) As a result of the expungement, inmate Blasirue's new
projected release date is May 20, 2019. (Attachment 5, p. 2)

I declare, under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and
correct to the best of my knowledge.

Executed this ___9___ day of ___December___, 2016

Shelley Lacy, Discipline Hearing Officer
FCC Beaumont, Texas

# Attachment 1

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

AMENDED

| INSTITUTION | FCC Beaumont Medium | INCIDENT REPORT NUMBER | | 2657863 |
|---|---|---|---|---|

| INMATE NAME | Blasirue, Brett | REG NO | 68872-097 | UNIT | KB |
|---|---|---|---|---|---|

| DATE OF INCIDENT | 12-04-2014 | DATE OF INCIDENT REPORT | 12-04-2014 |
|---|---|---|---|

| OFFENSE CODE(S) | 113 |
|---|---|

| SUMMARY OF CHARGES | Possession of any Narcotics, Marijuana, Drugs, Alcohol, Intoxicants or Related Paraphernalia not Prescribed for the Individual by the Medical Staff |
|---|---|

## I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 12-04-2014 at (time) 8:25 (by staff member) D. Hadnot

B. The DHO Hearing was held on (date) 12-11-2014 0825

C. The inmate was advised of his/her rights before the DHO by (staff member)

S. Allen on (date) 12-5-2014 and a copy of the advisement of rights form is attached.

## II. STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | X | No: | |
|---|---|---|---|---|

B. Inmate requested staff representative and appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result

N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff representative Statement: N/A

## III. PRESENTATION OF EVIDENCE

| A. Inmate | ADMITS | | NEITHER | X | the charges. |
|---|---|---|---|---|---|

B. Summary of inmate statement:

Inmate stated, "decline to make a statement."

| 1. The inmate requested witness(es). | Yes: | | No: | X |
|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

N/A

3. The following persons requested were not called for the reason(s) given:

| N/A | | | | | | |
|---|---|---|---|---|---|---|
| 4. Unavailable witnesses were requested to submit written statements and those statements received were considered. | Yes | | No | | N/A | X |

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

    1. Photo
    2. Chain of Custody Log

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: N/A.

**IV. FINDINGS OF THE DHO**

| x | A. The act was committed as charged. | |
|---|---|---|
| | B. The following act was committed: | |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

AMENDED

The inmate's due process rights were read and reviewed by the DHO to the inmate. The DHO confirmed the inmate received a copy of the incident report, did not want a staff representative, did not want witnesses, and had no documentary evidence to present. The inmate understood his due process rights and was ready to proceed with the disciplinary process.

The DHO finds that inmate Blasirue, Brett, Register 68872-097, was in Possession of any Narcotics, Marijuana, Drugs, Alcohol, Intoxicants or Related Paraphernalia not Prescribed for the Individual by the Medical Staff in violation of code 113. The DHO relies upon the reporting officer's eyewitness statement; On 12-04-2014 at approximately 6:15 p.m., while conducting a pat search on inmate Blasirue, Brett Reg. 68872-097 on the compound in front of recreation, I discovered that he had a brown leather bag tied to a lanyard around his neck. Upon further investigation, I found that the bag was filled with an unidentified green leafy substance. I took the substance to the lieutenant's office where it was tested by the Operations LT using the "Nik Test Kit A" in which it tested positive for Amphetamine.

The DHO draws adverse inference towards the inmate for declining to address the charge.

Based upon these facts, the DHO is convinced that inmate Blasirue, Brett, Register Number 68872-097 was in Possession of any Narcotics, Marijuana, Drugs, Alcohol, Intoxicants or Related Paraphernalia not Prescribed for the Individual by the Medical Staff in violation of code 113. The DHO based her decision on the greater weight of the evidence. The officer found a bag filled with an unidentified green leafy substance. The DHO finds the reporting staff to be credible, with no reason to falsely accuse the inmate. You did not provide any evidence to refute the charge. Possession of any Narcotics, Marijuana, Drugs, Alcohol, Intoxicants or Related Paraphernalia not Prescribed for the Individual by the Medical Staff is not warranted nor will it be tolerated in this secure environment.

## VI. SANCTION OR ACTION TAKEN

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Disallow Good Conduct Time | 41 days | .   · | Suspended | Yes | | No | X |
| Forfeit Non-Vested GCT | | · | Suspended | Yes | | No | |
| Disciplinary Segregation | 30 days | | Suspended | Yes | | No | X |
| Loss of Commissary Privileges | 180 days | | Suspended | Yes | | No | X |
| Loss of Telephone Privileges | | | Suspended | Yes | | No | |
| Loss of Visitation Privileges | 180 days | | Suspended | Yes | | No | X |
| Loss of Email Privileges | | | Suspended | Yes | | No | |
| Previously suspended sanction being executed | Yes | | No | | Report # | | |

Recommendation by the DHO: N/A

## VII. REASON FOR SANCTION OR ACTION TAKEN .

The sanctions are for the express purpose of holding you accountable for violating the rules and to deter you, and others, from this type of misconduct in the future. The disallowance of Good Conduct Time was used to comply with mandatory sanctioning guidelines for a PLRA sentenced inmate. The other sanctions are for the express purpose of holding you accountable and to deter you from this type of misconduct in the future.

AMENDED

| VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate. | | | | | |
|---|---|---|---|---|---|
| | Yes | X | No | | |

**IX. DISCIPLINE HEARING OFFICER**

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| S. L. Lacy | | 1/20/2015 |
| Report delivered to inmate: | | 1/20/15 |

(This form may be replicated in WP)

Replaces BP-304(52) of JAN 88

# Attachment 2

# JEFFERSON COUNTY REGIONAL CRIME LABORATORY
## Controlled Substances Report

5030 Highway 69 South
Suite 500
Beaumont, Texas 77705-9630



Phone: (409) 726-2577
FAX: (409) 726-2576
www.co.jefferson.tx.us/crimelab

**REPORT DATE:** 1/29/2015

**AGENCY:** Federal Bureau of Prisons

**CASE NO.:** BMM-15-0083

**SUSPECT(S):** Blasire, Brett

**LABORATORY NO.:** RCL-15-097437

**COUNTY:** Jefferson

**OFFENSE DATE:** 12/4/2014

**On 1/20/2015, William Plake of the Federal Bureau of Prisons submitted the following evidence:**

EXHIBIT 001 - Plant material.

Negative, net: 0.0112 (+/- 0.0002) oz, at a coverage probability of 99.73%.
No controlled substance or dangerous drug identified.

EMILY ESQUIVEL
Forensic Scientist IV

# Attachment 3

```
   BMMGW         *          INMATE DISCIPLINE         *       12-02-2016
 PAGE 001 OF 001 *        ADD HEARING / FINDINGS      *       08:36:23


 REGISTER NO.: 68872-097   NAME..: BLASIRUE           REPORT NO: 2657863
 FUNCTION....: ADD         HEARING DATE/TM: 12-02-2016 0834  HEAR TYPE: DHO
 UDC/CDC LOC.: [       ]    DHO/CHAIRPERSON: S. L. LACY      HEAR FACL: BMM
 AVAIL SGT...: [       ]    AVAIL GCT......: 54              REHEARING: Y
 STATUS......: EXPUNGED    AVAIL NVGCT....: [     ]          ABSENTIA.: N
 REPORT RMKS.( DHO EXPUNGED I/R DUE TO INSUFFICIENT EVIDENCE TO SUPPORT )
             ( THE CHARGE DHO RECIEVED OUTSIDE LAB RESULTS.             )
 ACT: [     ]                        FREQ: [   ] ATI.: [   ] RFP.: [   ]
    SANC: [        ]    AMT: [       ] / [       ] CS/CC: [   ] SUSP: [   ] DAYS
    CMP: [   ] LAW: [   ] RMK:( [                                          ] )
                           ( [                                          ] )
 ACT: [     ]                        FREQ: [   ] ATI.: [   ] RFP.: [   ]
    SANC: [        ]    AMT: [       ] / [       ] CS/CC: [   ] SUSP: [   ] DAYS
    CMP: [   ] LAW: [   ] RMK:( [                                          ] )
                           ( [                                          ] )
 ACT: [     ]                        FREQ: [   ] ATI.: [   ] RFP.: [   ]
    SANC: [        ]    AMT: [       ] / [       ] CS/CC: [   ] SUSP: [   ] DAYS
    CMP: [   ] LAW: [   ] RMK:( [                                          ] )
                           ( [                                          ] )


 G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

# Attachment 4

REGNO..: 68872-097 NAME: BLASIRUE, BRETT MICHAEL

```
FBI NO...........:  [redacted]          DATE OF BIRTH:  [redacted] 1978  AGE:  38
ARS1.............: BMM/A-DES
UNIT.............: K                     QUARTERS.....: K03-102L
DETAINERS........: NO                    NOTIFICATIONS: NO
```

HOME DETENTION ELIGIBILITY DATE: 12-25-2018

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  06-25-2019 VIA GCT REL


--------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: CALIFORNIA, EASTERN DISTRICT
DOCKET NUMBER...................: 2:12CR00261-01
JUDGE...........................: ENGLAND, JR.
DATE SENTENCED/PROBATION IMPOSED: 10-24-2013
DATE COMMITTED..................: 11-29-2013
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED.: $100.00         $00.00          $00.00     $00.00
```

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO      AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  136
OFF/CHG: 18 USC 922(G) FELON IN POSSESSION OF A FIREARM

```
  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    94 MONTHS
  TERM OF SUPERVISION............:    36 MONTHS
  DATE OF OFFENSE................: 06-30-2012
```


G0002        MORE PAGES TO FOLLOW . . .

REGNO..: 68872-097 NAME: BLASIRUE, BRETT MICHAEL


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 12-12-2014 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 12-12-2013 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 10-24-2013
TOTAL TERM IN EFFECT............:    94 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     7 YEARS      10 MONTHS
EARLIEST DATE OF OFFENSE........: 06-30-2012

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                    06-30-2012     10-23-2013

TOTAL PRIOR CREDIT TIME.........: 481
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 309
TOTAL GCT EARNED................: 148
STATUTORY RELEASE DATE PROJECTED: 06-25-2019
EXPIRATION FULL TERM DATE.......: 04-29-2020
TIME SERVED.....................:     4 YEARS       5 MONTHS       4 DAYS
PERCENTAGE OF FULL TERM SERVED..:  56.4

PROJECTED SATISFACTION DATE.....: 06-25-2019
PROJECTED SATISFACTION METHOD...: GCT REL
```

REMARKS.......: 01-24-2014, 12-12-14 DIS GCT UPDTD.


S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

# Attachment 5

REGNO..: 68872-097 NAME: BLASIRUE, BRETT MICHAEL


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 12-02-2016 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 12-12-2013 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 10-24-2013
TOTAL TERM IN EFFECT............:   94 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS     10 MONTHS
EARLIEST DATE OF OFFENSE........: 06-30-2012

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    06-30-2012    10-23-2013

TOTAL PRIOR CREDIT TIME.........: 481
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 345
TOTAL GCT EARNED................: 189
STATUTORY RELEASE DATE PROJECTED: 05-20-2019
EXPIRATION FULL TERM DATE.......: 04-29-2020
TIME SERVED.....................:    4 YEARS      5 MONTHS      5 DAYS
PERCENTAGE OF FULL TERM SERVED..:  56.5

PROJECTED SATISFACTION DATE.....: 05-20-2019
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 01-24-2014, 12-12-14 DIS GCT UPDTD.
                12-02-16: DEL DIS GCT P/CDK
```


S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

```
REGNO...: 68872-097   NAME: BLASIRUE, BRETT MICHAEL
ARS 1...: BMM A-DES                              PLRA
COMPUTATION NUMBER..: 010                   PRT   ACT DT:
LAST UPDATED: DATE.: 12-02-2016      FACL..: DSC   CALC: AUTOMATIC
UNIT................: K               QUARTERS...........: K03-102L
DATE COMP BEGINS....: 10-24-2013      COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 481             TOTAL INOP TIME.....: 0
CURRENT REL DT......: 10-23-2019 WED  EXPIRES FULL TERM DT: 04-29-2020
PROJ SATISFACT DT...: 05-20-2019 MON  PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                 ACTUAL SATISF METHOD:
DAYS REMAINING......:                 FINAL PUBLC LAW DAYS:
GED PART STATUS.....:                 DEPORT ORDER DATED..:
```

```
------------------------GOOD CONDUCT TIME AMOUNTS-------------------------
```

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 06-30-2012 | 06-29-2013 | 54 | 54 | | | | |
| 06-30-2013 | 06-29-2014 | 54 | 81 | 27 | | | |
| 06-30-2014 | 06-29-2015 | 54 | 135 | | | | |
| 06-30-2015 | 06-29-2016 | 54 | 189 | | | | |
| 06-30-2016 | 06-29-2017 | 54 | | | | | |
| 06-30-2017 | 06-29-2018 | 54 | | | | | |
| 06-30-2018 | 05-20-2019 | 48 | | | | | |

```
     TOTAL EARNED AMOUNT.........................................:      189
     TOTAL EARNED AND PROJECTED AMOUNT...........................:      345
```

# Exhibit B

2012 WL 5594613
Only the Westlaw citation is currently available.
United States District Court,
E.D. Texas,
Beaumont Division.

Jarrette Jerry PEREZ

v.

DIRECTOR, TDCJ–CID.

Civil Action No. 1:10–CV–20.
|
Oct. 9, 2012.

**Attorneys and Law Firms**

Jarrette Jerry Perez, Houston, TX, pro se.

Gretchen Berumen Merenda, Attorney General's Office, Austin, TX, for Director.

*REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

ZACK HAWTHORN, United States Magistrate Judge.

 **\*1** Petitioner, Jarrette Jerry Perez, formerly an inmate confined at the Mark Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

*Background*

Petitioner pled guilty to the offense of burglary of a habitation with the intent to commit theft in the 262nd District Court of Harris County, Texas and punishment was assessed at forty-five (45) years confinement. *The State of Texas v. Jarrette Jerry Perez,* Cause No. 610455. In the present case, petitioner contests disciplinary case

number 20090288740 wherein petitioner was found guilty of possession of contraband, a cell phone and charger, in violation of Texas Penal Code 10.0. Petitioner lost 500 days of good-time credit and his line-class status was reduced from S3 to L1.

Petitioner filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on January 12, 2010.[1] Petitioner contests the disciplinary conviction arguing his due process rights were violated and seeks the restoration of his good conduct time and his original line class status. In the answer filed by respondent, respondent concedes petitioner is eligible for mandatory supervision. Based on the information provided by petitioner, however, he was released from custody in October of 2010.[2]

*Analysis*

Mootness is a jurisdictional matter implicating the requirement in Article III of the Constitution that there be a live case or controversy. *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir.1987) (per curiam). In the context of a federal petition for habeas relief, dismissal is appropriate on the ground of mootness when relief sought by a petitioner is no longer available. *See Bagwell v. Dretcke,* 376 F.3d 408, 412 (5th Cir.2004) (discussing habeas petition where petitioner was no longer in custody) (citations omitted); *Schlang v. Heard,* 691 F.2d 796, 799 & n. 6 (5th Cir.1982) (per curiam) (habeas petitioner challenging extension of jail time was moot because petitioner had been released) (citations omitted). Accordingly, the Fifth Circuit has recognized that a habeas petition seeking only the expungement of disciplinary reports and restoration of good-time credits is mooted upon the petitioner's release to mandatory supervision. *See Bailey,* 821 F.2d at 278–279; *Adair v. Dretcke,* 150 F. App'x 329, 331–32 (5th Cir.2005) (citing *Bailey* ).

Nowhere in petitioner's complaint or response brief does petitioner specify he will suffer from collateral consequences associated with the disciplinary proceeding, and the Fifth Circuit has determined that no such consequences exist. *See Adair,* 150 F. App'x at 332 (finding that under Texas law, good time credits do not carry over to a subsequent confinement) (citations omitted). Because petitioner has been released to mandatory supervision, this Court cannot grant habeas relief. It is, therefore,

respectfully recommended that this petition be dismissed as moot.

### Recommendation

**\*2** For the reasons stated above, it is recommended that this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be dismissed without prejudice as moot.

### Objections

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 5594613

---

Footnotes

1    A pro se prisoner's habeas petition is deemed filed, for purposes of determining the applicability of the AEDPA, when he delivered the papers to prison authorities for mailing. *Cousin v. Lensing,* 310 F.3d 843, 847 (5th Cir.2002); *Spotville v. Cain,* 149 F.3d 374, 375 (5th Cir.1998).

2    Petitioner filed a notice of change of address from the Mark Stiles Unit to a residential address in Houston, Texas.

---

**End of Document**                                      © 2016 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit C

KeyCite Yellow Flag - Negative Treatment

Distinguished by *Neel v. Fannie Mae,* S.D.Miss., March 12, 2014

2012 WL 37393
Only the Westlaw citation is currently available.
United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Sasha Lynn Spiers HUTCHERSON, Plaintiff
v.
JPMORGAN CHASE BANK, N.A., Defendant.

Civil Action No. 2:11–CV–154–KS–MTP.
|
Jan. 6, 2012.

**Attorneys and Law Firms**

Lawrence E. Abernathy, III, Attorney, Laurel, MS, for
Plaintiff.

Mark H. Tyson, McGlinchey Stafford, PLLC, Jackson,
MS, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

KEITH STARRETT, District Judge.

**\*1** For the reasons stated below, the Court **grants in part
and denies in part** Defendant's Motion to Dismiss [3], and
it **grants** the parties' Joint Motion to Transfer Venue [12].

### *I. BACKGROUND*

This case involves the forced-placement of insurance
on a property secured by a mortgage. Plaintiff, the
mortgagor, alleges that she had already obtained sufficient
insurance coverage on the subject property, but that
Defendant, the mortgagee, force-placed insurance on the
property regardless. The premium for the force-placed
insurance created an escrow shortage, which, in turn,
caused Plaintiff's monthly mortgage payment to increase.
Plaintiff alleges that she continued to make her monthly
payments, but that Defendant nonetheless threatened to
initiate foreclosure proceedings.

Plaintiff alleges that Defendant improperly force-placed
insurance on her property, breaching its duty to her.
She further alleges that Defendant has harassed her by
sending collection letters, monthly statements, and default
notices. She contends that Defendant intended to drive
up her monthly payment so that she would be unable
to make the payments so that it could foreclose on
her property. She alleges that these actions constituted
an "attempted improper foreclosure." Finally, Plaintiff
contends that Defendant breached its duty of good faith
and fair dealing. She requests an accounting of the
escrow account, monetary damages in an amount equal
to all economic loss caused by Defendant's conduct,
compensatory damages, punitive damages, and fees.

### *II. DISCUSSION*

#### A. *Mootness*

First, Defendant argues that this case should be dismissed
because all of Plaintiff's claims are moot. "Under Article
III of the U.S. Constitution, a federal court may
adjudicate only 'cases' or 'controversies.' Such a case or
controversy must exist throughout the litigation; in other
words, the case cannot be moot." *Sandoz v. Cingular
Wireless LLC,* 553 F.3d 913, 915 (5th Cir.2008) (citation
and punctuation omitted). If a case is or becomes moot,
then the Court has no authority to render a decision in it.
*Id.* "In general, a matter is moot for Article III purposes
if the issues presented are no longer live or the parties lack
a legally cognizable interest in the outcome. To have a
legally cognizable interest in the outcome, a plaintiff must
demonstrate an injury traceable to the defendant that is
susceptible to some judicial remedy." *LULAC v. City of
Boerne,* 659 F.3d 421, 435 (5th Cir.2011) (citations and
punctuation omitted).

As Defendant's mootness argument implicates the Court's
subject matter jurisdiction over the instant case, it is
properly raised in a motion to dismiss pursuant to Federal
Rule of Civil Procedure 12(b)(1). *See* FED.R.CIV.P. 12(b)
(1). "A trial court may find that subject matter jurisdiction
is lacking based on (1) the complaint alone; (2) the
complaint supplemented by undisputed facts evidenced
in the record; or (3) the complaint supplemented by
undisputed facts plus the court's resolution of disputed
facts." *Wolcott v. Sebelius,* 635 F.3d 757, 762 (5th
Cir.2011) (punctuation omitted). "The party asserting
jurisdiction bears the burden of proof on a 12(b)(1) motion

to dismiss." *Life Partners, Inc. v. United States,* 650 F.3d 1026, 1029 (5th Cir.2011).

**\*2** Defendant argues that Plaintiff's claims are moot because it already applied credits to Plaintiff's escrow account equal to all the force-placed insurance premiums. Plaintiff denies this, arguing that Defendant has not refunded all of the insurance premiums it charged to her escrow account.

Neither party has provided the Court with adequate briefing on this issue. Although the parties have presented the Court with a variety of escrow statements, loan statements, and other documents related to the transactions of which Plaintiff complains, neither party has provided the Court with a clear and concise explanation of each credit and debit flowing in and out of the escrow account over the time period relevant to Plaintiff's claims. The pertinent documents span the course of a couple of years, and although the Court can identify many of the credits and debits flowing in and out of the account, there are some entries which were not explained or addressed in the parties' briefing. That being the case, the Court does not believe it would be prudent to dismiss Plaintiff's case without first receiving, at the very least, a full explanation of each transaction in the escrow account during the time period in question. Accordingly, the Court presently **denies** this aspect of Defendant's Motion to Dismiss.

### *B. Accounting*

Defendant also argues that Plaintiff is not legally entitled to an accounting, and that her claim for one should be dismissed. "Motions to dismiss under Rule 12(b) (6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir.2009) (punctuation omitted). "To survive a Rule 12(b) (6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners, L. P.,* 610 F.3d 239, 245 (5th Cir.2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State,* 624 F.3d 201, 210 (5th Cir.2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative

level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.,* 615 F.3d 412, 417 (5th Cir.2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC,* 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey,* 610 F.3d at 246 (punctuation omitted).

**\*3** An accounting is a "detailed statement of the debits and credits between parties arising out of a contract or a fiduciary relation. It is a statement in writing of debts and credits or of receipts and payments." *State ex rel. King v. Harvey,* 214 So.2d 817, 819 (Miss.1968). A claim for an accounting seeks equitable relief. *City of Ridgeland v. Fowler,* 846 So.2d 210, 214 (Miss.2003). To state such a claim—as with any claim arising in equity—a plaintiff must allege an inadequate remedy at law. *Litton Sys., Inc. v. Frigitemp Corp.,* 613 F.Supp. 1386, 1389 (S.D.Miss.1985). "The legal remedy cannot be characterized as inadequate merely because the measure of damages may necessitate a look into ... business records." *Id.* (quoting *Dairy Queen v. Wood,* 369 U.S. 469, 478–79, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)).

Plaintiff neither alleged in her Complaint nor argued in briefing that she has no adequate legal remedy. Rather, she simply alleged and argued that the escrow statements provided by Defendant were inaccurate. Furthermore, Plaintiff has not argued or demonstrated that she would be unable to obtain the same information through the normal discovery process as she pursues a legal remedy. Accordingly, the Court **grants** Defendant's Motion to Dismiss with respect to Plaintiff's request for an accounting.

### C. Forced–Placement of Insurance

In her Complaint, Plaintiff alleges that Defendant improperly force-placed insurance on her home when she had already obtained insurance and provided the requisite notice to Defendant. She also alleged that Defendant purchased insurance with coverage that exceeded the amount of the mortgage, and that Defendant purchased the insurance from an entity with which it maintains a financial arrangement through which it profits from force-placing insurance. In the Court's estimation, Plaintiff's claim for "Improper Forced–Placement of Insurance" could be construed as either a claim for breach of fiduciary duty or a claim for breach of contract.

#### 1. Breach of Fiduciary Duty

The Mississippi Supreme Court has "never held that the relationship between a mortgagor and a mortgagee is a fiduciary one." *Hopewell Enters. v. Trustmark Nat'l Bank,* 680 So.2d 812, 816 (Miss.1996). Generally, "the relationship between a debtor and creditor is a contractual one, and not a confidential or fiduciary one." *Id.* (punctuation omitted). "At best, ... a mortgagor and mortgagee are in a relationship of trust[,] and ... a mortgagee should not be allowed to abuse that relationship ." *Id.* Therefore, the Mississippi Supreme Court has held:

> Although every contractual agreement does not give rise to a fiduciary relationship, such relationship may exist under the following circumstances: (1) the activities of the parties go beyond their operating on their own behalf, and the activities are for the benefit of both; (2) where the parties have a common interest and profit from the activities of the other; (3) where the parties repose trust in one another; and (4) where one party has dominion or control over the other.

**\*4** *Id.* Plaintiff has not alleged sufficient facts to establish the factors cited above. Accordingly, to the extent Plaintiff alleges a breach of fiduciary duty, the Court **grants** Defendant's Motion to Dismiss as to that claim.

#### 2. Breach of Contract

Plaintiff's claim that Defendant improperly force-placed insurance could also be construed as a breach of contract claim. Plaintiff alleged that Defendant is a successor-in-interest to her original lender, which was a party to the deed of trust. The deed of trust [3–2] [1] required that Plaintiff "shall keep the improvements now existing or hereafter erected on the Property insured against loss ..." in the amounts and for the periods that the lender requires. If Plaintiff fails to maintain sufficient insurance coverage, then the lender "may obtain insurance coverage, at Lender's option and [Plaintiff's] expense. Lender is under no obligation to purchase any particular type or amount of coverage." Plaintiff acknowledged, by executing the deed of trust, that "the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that [Plaintiff] could have obtained."

Plaintiff plainly alleged that Defendant force-placed insurance when Plaintiff had already obtained sufficient coverage. The deed of trust does not permit Defendant to do this. Therefore, to the extent Plaintiff alleges a breach of contract, Plaintiff has plead sufficient facts to survive a Rule 12(b)(6) motion. Accordingly, the Court **denies** Defendant's Motion to Dismiss as to that claim.

### D. Harassment

Plaintiff claims that Defendant "harassed" her by sending collection letters, monthly statements, and default notices in an effort to force her to pay amounts improperly charged to her escrow account. Plaintiff did not plead a cause of action under the Fair Debt Collection Practices Act ("FDCPA"), [2] and Plaintiff failed to cite any Mississippi law regarding a cause of action for harassment of the sort alleged here. [3] Accordingly, the Court **grants** Defendant's Motion to Dismiss as to Plaintiff's harassment claim.

### E. Attempted Improper Foreclosure

Plaintiff claims that Defendant force-placed insurance on her property for the purpose of driving up her monthly mortgage payment so she could not afford to pay it. Plaintiff alleges that Defendant wanted to foreclose on the property because it is worth more than the loan. Accordingly, Plaintiff contends that Defendant attempted to improperly foreclose on her property.

Plaintiff has failed to cite any Mississippi law regarding a cause of action for *attempted* wrongful foreclosure. It does not appear that such a cause of action exists. The Mississippi Supreme Court has affirmed that there must actually be a foreclosure before a plaintiff can assert a claim of wrongful foreclosure. *See McKinley v. Lamar Bank,* 919 So.2d 918, 930 (Miss.2005). It is undisputed that Defendant never foreclosed on Plaintiff's property, and Plaintiff has failed to point to any Mississippi law imposing liability for merely threatening foreclosure. Accordingly, the Court **grants** Defendant's Motion to Dismiss with respect to this claim.

### F. Venue

**\*5** Plaintiff is a resident of Pearl River County, Mississippi, and the property at issue in this case is located in Pearl River County. The parties argue that this case should be transferred to the Southern Division of this Court. The Court agrees. 28 U.S.C. § 1391(b)(2). Accordingly, the Court **grants** the parties' Joint Motion to Transfer Venue [12], and this case shall be transferred to the Southern Division. 28 U.S.C. § 1406(a).

### III. CONCLUSION

For the reasons stated above, the **grants in part and denies in part** Defendant's Motion to Dismiss [3]. Specifically:

• the Court denies the motion with respect to Defendant's mootness argument;

• the Court grants the motion with respect to Plaintiff's request for an accounting;

• the Court grants the motion with respect to any claim for breach of fiduciary duty asserted by Plaintiff;

• the Court denies the motion with respect to any claim for breach of contract asserted by Plaintiff;

• the Court grants the motion as to Plaintiff's harassment claim; and

• the Court grants the motion as to Plaintiff's attempted wrongful foreclosure claim.

The Court also **grants** the parties' Joint Motion to Transfer Venue [12]. Accordingly, this case shall be transferred to the Southern Division

SO ORDERED AND ADJUDGED.

### All Citations

Not Reported in F.Supp.2d, 2012 WL 37393

---

Footnotes

1   The Court may "permissibly refer to matters of public record" when deciding a 12(b)(6) motion to dismiss. *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.1994).

2   15 U.S.C. § 1692, *et al.*

3   Some authority exists for the proposition that a debtor should not be subjected to multiple lawsuits for recovery of a single debt. *See e.g. Paramount Ins. Co. v. Parker,* 112 So.2d 560, 562 (Miss.1959); *Chapman v. Hughes,* 61 Miss. 339, 350 (Miss.1883). Those cases are inapplicable here. The only lawsuit involved in this dispute is the present one, which was initiated by Plaintiff herself.

---

**End of Document**                    © 2016 Thomson Reuters. No claim to original U.S. Government Works.